## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-10-258 SS (2)** |
| | § | |
| **JAMES DAVID WRIGHT** | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and John R. Lewis, Assistant United States Attorney, and the defendant, **JAMES DAVID WRIGHT**, and the defendant's counsel, David Adler, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees to plead guilty to Count One of the Second Superseding Indictment.   Count One charges Defendant with conspiracy to commit wire fraud in violation of Title 18 United States Code, Section 1349.   The defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment or proved to a jury or judge beyond a reasonable doubt.   In addition, as

1

more fully set forth in the Restitution section of this Agreement, Defendant agrees to the issuance of a Presentence Restitution Order requiring Defendant to make monthly restitution payments into the registry of the Court until Defendant is no longer on conditions of release.

## Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 18 United States Code, Section 1349 is imprisonment of not more than twenty (20) years and a fine of not more than $250,000.   Additionally, the defendant may receive a term of supervised release after imprisonment of up to three (3) years.   Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).   Defendant   acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation.   Title 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a

special assessment in the amount of one hundred dollars ($100.00).   The payment

will be by cashier's check or money order payable to the Clerk of the United States

District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208,

Attention: Finance.

## Immigration Consequences

4.     If the defendant is not a citizen of the United States, a plea of guilty

may result in deportation, removal, exclusion from admission to the United States,

or the denial of naturalization.   A plea of guilty may also result in Defendant being

permanently barred from legally entering the United States after being deported,

removed, and/or excluded.   Defendant's attorney has advised Defendant of the

potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5.     The parties understand this agreement carries the potential for a

motion for departure under Section 5K1.1 of the Sentence Guidelines.   The

defendant understands and agrees that whether such a motion is filed will be

determined solely by the United States through the United States Attorney for the

Southern District of Texas.   Should Defendant's cooperation, in the sole judgment

and discretion of the United States, amount to "substantial assistance," the United

States reserves the sole right to file a motion for departure pursuant to Section

5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>.   The defendant further agrees to persist in his plea of guilty through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement.   The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.     Defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to the subject matter of the case before this Court (Crim. No. H-10-258-SS) and <u>United States v. Ballow et al.</u>, Crim. No. H-10-494-SS.   The defendant understands that such information includes both state and federal offenses arising therefrom.    In that regard:

(a)     Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;(b)Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be

4

prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

(f) Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

7.      Defendant is aware that he has the right to appeal the conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.   Defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence. Defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.   Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

8.      In exchange for this Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

9.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are effectively advisory to the Court.   *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.     Defendant understands and agrees that any and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.   **If Defendant instructs his attorney to file a notice of appeal at the time sentence is imposed or at any time thereafter, the United States will seek specific performance of any and all provisions of this Agreement.**

## The United States' Agreements

11.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Count One of the second superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will dismiss the remaining counts pending against Defendant at sentencing.

(b)    Should Defendant accept responsibility as contemplated by the Sentencing Guidelines, the United States agrees not to oppose Defendant's anticipated request to the Court that he receive a two (2) level downward adjustment pursuant to U.S.S.G. § 3E1.1(a). If, however, Defendant engages in conduct or otherwise acts in a manner inconsistent with acceptance of responsibility, or if the Pre-Sentence Investigation Report does not make a finding of acceptance of responsibility and does not make a recommendation for a downward adjustment for acceptance of responsibility, the United States is not obligated to recommend or to refrain from opposing a downward adjustment for acceptance of responsibility; and

(c)    The United States will recommend to the Court that Defendant remain on bond pending his sentencing.

## Agreement Binding - Southern District of Texas Only

12.    The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the second superseding indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney or any other unit of the Department of Justice.   The United States will bring this plea agreement and the full extent of

7

Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

### The United States' Non-Waiver of Appeal

13.    The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.   Specifically, the United States reserves the right:

   (a)    To bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b)    To set forth or dispute sentencing factors or facts material to sentencing;

   (c)    To seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office;

   (d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and

   (e)    To appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14.    Defendant is aware that his sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18 U.S.C. § 3553.   Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that

8

the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Defendant's Rights

15.    Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agreed.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own

behalf.  If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

16.    Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One of the second superseding indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   Defendant understands and agrees that the following facts, among others, would be offered to establish Defendant's guilt:

Harris Dempsey Ballow pleaded guilty to one count of money laundering in 2003 in U.S. District Court in Houston, Texas, and was released from custody upon a promise to appear for sentencing.   In 2004, instead of appearing for sentencing, Ballow fled the United States. Over the following five and a half years, Ballow lived under fake names in Mexico and elsewhere.

In 2005, while living in Mexico and pretending to be John Gel, Ballow gained control over E-SOL International Corp. ("E-SOL"), a Nevada company with shares traded on the Over-the-Counter ("OTC") securities market under the symbol ESIT.

Defendant **JAMES DAVID WRIGHT** was a friend of Ballow's for many years. WRIGHT was aware that Ballow had been in prison for fraud before his 2003 conviction, and WRIGHT was aware of Ballow's guilty plea to money laundering.

In 2009, defendant JAMES DAVID WRIGHT began working for E-SOL, and he eventually became E-SOL's CEO.   WRIGHT knew that certain information about Ballow's background – specifically, his prior convictions for fraud and money

laundering -- would have been highly material to any investor contemplating purchase of ESIT's shares.   WRIGHT, Ballow and others had an unspoken understanding (i.e., implicit agreement) that WRIGHT would not reveal this information to investors in E-SOL.   Instead, WRIGHT intentionally allowed investors to believe that Ballow's name was John Gel or Tom Brown, and intentionally did not correct them.   Later, in 2010, WRIGHT intentionally led an investor in another company that Ballow controlled to believe Ballow's name was Martin Twinly.

E-SOL periodically posted financial statements on the internet.   On or about August 3, 2009, WRIGHT signed financial statements for E-Sol intending that they be posted on the internet for potential investors to see, and knowing that they were highly misleading because they omitted a material fact, that is, E-Sol was controlled by a man who had been convicted for fraud and money laundering.   WRIGHT's signing the financial statement was an overt act of the conspiracy, and is listed as Overt Act 73 in Count One of the second superseding indictment.   Similarly, WRIGHT signed E-SOL financial statements on or about May 10, 2010, knowing that they contained the same material omission.   WRIGHT's signing the financial statement in 2010 is listed as Overt Act 106 in Count One.

E-SOL maintained bank accounts at Wells Fargo in Reno, Nevada.   Investors sent money to E-SOL's account in Nevada from across state lines and across international boundaries.   For example, in June, 2009, Ballow, pretending to be Tom Brown, convinced an investor named Paul Hudson to purchase ESIT stock from E-SOL for $5 million.   On July 17, 2009, Hudson's brokerage firm wire transferred $5 million across state lines from The Woodlands, Texas, to E-SOL's account at Wells Fargo, Reno Nevada.

### Breach of Plea Agreement

17.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. Defendant agrees that he breaches the plea agreement if he knowingly withholds

evidence, or if he is not completely truthful with the United States.   In that event, the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Furthermore, any and all information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture and Fines

18.    This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.   Unless he receives the prior written permission of the United States, Defendant agrees that neither he nor anyone acting on his behalf shall sell, transfer, alienate, encumber, pledge, withdraw, remove, conceal, dissipate, damage, dispose of, or take any action that would diminish the availability, marketability or value of real or personal assets in which Defendant has an interest (including but not limited to cash, bank and investment accounts, real estate, motor vehicles, water craft, jewelry and coins, artwork, antiques, household furniture and furnishings, etc.) except that Defendant may use wages and bank accounts for reasonable living expenses to support himself and any dependents.

19.    Defendant agrees to make complete financial disclosure to the United

States by truthfully executing a sworn financial statement (USAO-SDTX Financial Statement, Form OBD-500 or similar form) and providing it to the United States prior to the entry of this Plea Agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.   Defendant understands and agrees that any false information, in any form, that Defendant provides to the United States could result in additional prosecution of Defendant.

20.    Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including but not limited to surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.   The United States does not waive any rights or remedies, including forfeiture of property, as a means to reimburse the crime victims.   Nothing in this

Agreement precludes the United States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed.

21.     Defendant understands that forfeiture, restitution and fines are separate aspects of sentencing and are separate obligations.

### Restitution

22.     Defendant understands that a mandatory restitution order will be imposed against him in this case and Defendant agrees to pay full restitution to the victims regardless of the count of conviction.

a.      Defendant understands and agrees that at sentencing, the Court will determine the amount of restitution to fully compensate the victims. Defendant understands that the restitution amount imposed by the Court will be due and payable immediately and agrees that Defendant will not attempt to avoid or delay payment.

b.      Defendant agrees to the issuance of a Presentence Restitution Order at this time, requiring Defendant to make monthly payments toward the restitution obligation that will eventually be imposed against Defendant.   On the first business day of each month following the date of this Plea Agreement, Defendant will make monthly payments into

the registry of the Court (via checks to "Clerk, U.S. District Court" at P.O. Box 61010, Houston, Texas 77208) until Defendant is no longer on conditions of release. Defendant agrees that the monthly payment amount is based upon Defendant's current ability to pay and is subject to change in the future, whether increase or decrease. If Defendant contends that his financial circumstances have materially changed, Defendant must submit sworn information about that change directly to the lead prosecutor for this case. If the parties come to an agreement, then a new monthly payment amount may be submitted for Court approval.

c.   Defendant agrees that if he should receive a tax refund, he will within five (5) days of receipt pay funds into the registry of the Court towards the anticipated restitution debt. If Defendant is single, the entire tax refund amount will be paid; and if Defendant is married, then Defendant's half of the refund will be paid into the registry. Defendant understands that nothing in this Agreement prevents the United States from pursuing administrative offsets, including by the Internal Revenue Service, once a restitution order has been imposed.

Defendant waives the right to challenge the restitution order imposed by the Court in

any manner, including by direct appeal or in a collateral proceeding.

## Forfeiture

23.    Defendant stipulates and agrees that the property listed in the second superseding indictment's Notice of Forfeiture (if any) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

24.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

25.    Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26.    Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

27.    Defendant understands that under the Sentencing Guidelines, the Court may order Defendant to pay a fine.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

28.    This written plea agreement, consisting of 20 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and his counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _January 13_,
2014.

X _James D. Wright_
Defendant

Subscribed and sworn to before me on _January 13_,
2014.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By:
_____        _____
John R. Lewis                                    David Adler
Assistant United States Attorney        Attorney for James David Wright

18

UNITED STATES OF AMERICA     §
                                §

     v.                            §     **CRIMINAL NO. H-10-258 SS (2)**

                                   §

**JAMES DAVID WRIGHT**         §

### PLEA AGREEMENT  - ADDENDUM

I have fully explained to Defendant his rights with respect **to** the pending second superseding indictment.   I have reviewed the provisions of **the** Sentencing Guidelines, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         1/13/14
David Adler                                Date
Attorney for James David Wright

I have consulted with my attorney and fully understand all my rights with respect to the second superseding indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the Sentencing Guidelines which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____        _____1-13-14_____
JAMES DAVID WRIGHT                              Date
Defendant

20